UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL JAY MILES,<br><br>        Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY MEDICAL WELLPATH,<br><br>        Defendant. | 1:22-cv-01105-SKO (PC)<br><br>**ORDER GRANTING PLAINTIFF NINETY DAYS TO IDENTIFY JOHN OR JANE DOES 1 AND 2** |

Plaintiff Samuel Jay Miles is incarcerated in the Fresno County Jail and is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    BACKGROUND**

Plaintiff filed a first amended complaint on July 25, 2023, naming, among others, John or Jane Does 1 and 2, nurses at the Fresno County Jail, as defendants in this action. (Doc. 9.)  In its Second Screening Order issued February 14, 2024, the Court found Plaintiff stated cognizable medical deliberate indifference claims against Defendants Doe 1 and Doe 2 and physical therapists "Ken" and "Michealla." (Doc. 10.)

The undersigned now proceeds to address the need to identify John or Jane Does 1 and 2 against whom his medical deliberate indifference claims proceed.

**II.    DISCUSSION**

Defendants John or Jane Does 1 and 2, employed at the Fresno County Jail, are presently unknown to Plaintiff.  Plaintiff alleges John or Jane Does 1 and 2 refused to provide him

1

1 treatment in accordance with a physician's orders concerning Plaintiff's care plan, beginning in
2 May 2022.

3       The United States Marshal cannot serve Doe defendants. Plaintiff will be required to
4 identify Does 1 and 2 with enough information to locate the defendants for service of process.
5 Plaintiff will be given the "'opportunity through discovery to identify the unknown (Doe)
6 defendants.'" *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013).

7       As previously noted, this action proceeds, in part, on Plaintiff's medical deliberate
8 indifference claims against Defendants John or Jane Does 1 and 2. Although Plaintiff has stated a
9 plausible claim against Does 1 and 2., the Court will not require service on these defendants at
10 this time. The Ninth Circuit has held that where identity is unknown prior to the filing of a
11 complaint, the plaintiff should be given an opportunity through discovery to identify the unknown
12 defendants unless it is clear that discovery would not uncover the identities, or that the complaint
13 would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir.
14 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). It is not clear that
15 discovery would not uncover the identity of Does 1 and 2, or whether Plaintiff's first amended
16 complaint may be dismissed on other grounds. Thus, Plaintiff should be afforded an opportunity
17 to discover the identities of Does 1 and 2 through limited discovery.

18       Rule 45 of the Federal Rules of Civil Procedure address subpoenas. Plaintiff is advised the
19 Court's authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is
20 subject to limitations. Because personal service of a subpoena duces tecum is required (Fed. R.
21 Civ. P. 45(b)), "[d]irecting the Marshal's Office to expend its resources personally serving a
22 subpoena is not taken lightly by the court. *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008
23 WL 5213414, *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C § 1915(d). Limitations include the
24 relevance of the information sought, as well as the burden and expense to the non-party in
25 providing the requested information. Fed. R. Civ. P. 26, 45.

26       A motion for issuance of a subpoena duces tecum should be supported by identifying the
27 documents sought and showing that the records are obtainable only through the identified third
28 party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO (PC), 2010 WL 1948560, *1

(E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS (PC), 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of the Court's vigilance" in considering these factors. *Id*.

### III.   CONCLUSION AND ORDER

Based on the foregoing, the Court **GRANTS Plaintiff ninety (90) days** in which to discover the names of John or Jane Does 1 and 2 through subpoena or otherwise, and to substitute their actual names by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163. If within 90 days, Plaintiff fails to file a notice of substitution that provides the actual names of John or Jane Does 1 and 2, the Court will recommend dismissal, without prejudice, of John or Jane Does 1 and 2.

IT IS SO ORDERED.

Dated:   **February 15, 2024**                    /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE