UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL JAY MILES,<br><br>    Plaintiff,<br><br>  v.<br><br>FRESNO COUNTY MEDICAL WELLPATH,<br><br>    Defendant. | 1:22-cv-01105-SKO (PC)<br><br>**ORDER GRANTING PLAINTIFF'S NOTICE OF SUBSTITUTION FILED JULY 26, 2024**<br><br>(Doc. 20)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS** |

Plaintiff Samuel Jay Miles, a previous Fresno County Jail inmate and current state prisoner, is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    BACKGROUND**

Plaintiff filed a first amended complaint on July 25, 2023. (Doc. 9.) Plaintiff named, in part, John or Jane Does 1 and 2, nurses at the Fresno County Jail, as defendants in this action. (*Id.* at 4.) In its Second Screening Order issued February 14, 2024, the Court found Plaintiff stated cognizable medical deliberate indifference claims against Defendants Doe 1 and Doe 2 and physical therapists "Ken" and "Michealla." (Doc. 10.)

On February 15, 2024, the Court issued its Order Granting Plaintiff Ninety Days to Identify John or Jane Does 1 and 2. (Doc. 11.)  On April 24, 2024, Plaintiff filed a document titled "Notice of Substitution." (Doc. 13.)

On April 29, 2024, the Court issued its Order Granting Request for Subpoena Duces

1

1  Tecum. (Doc. 14.) The United States Marshal's Service was directed to serve a subpoena to the
2  Fresno County Jail Records Unit within 30 days. (*Id*. at 3-4.) Plaintiff was also directed to file a
3  request for substitution with the Court once he received the documents responsive to the
4  subpoena. (*Id*. at 5.)  The United States Marshal's Service served the subpoena on May 3, 2024.
5  (Doc. 15.)

6  In his July 19, 2024, status report, Plaintiff stated he had received the relevant medical
7  records but needed additional time to complete his review before filing a notice of substitution.
8  (Doc. 18.) On July 23, 2024, the Court granted Plaintiff an extension of time to August 15, 2024,
9  within which to "file a request for substitution, identifying the John and/or Jane Doe defendants
10 and the surnames of the physical therapists …." (Doc. 19.)  On July 26, 2024, Plaintiff filed a
11 "Notice of Substitution." (Doc. 20.)

12  **II.    DISCUSSION**

13  In his notice, Plaintiff seeks to substitute "John or Jane Does 1 and 2" with the names of
14 eleven individuals, stating they "are the medical staff tasked to help me who refused." (Doc. 20.)
15 He also identifies the physical therapists in his first amended complaint by their first names
16 "Ken" and "Michaela" who are now known to him as "Kenneth Cagara" and "Michellene
17 Alvarez." (*Id*.)

18  Plaintiff's request to substitute eleven individuals in place of "John or Jane Does 1 and 2"
19 will be granted. Plaintiff will be required to file a second amended complaint identifying each of
20 these individuals by name and alleging sufficient facts to support his claims for deliberate
21 indifference to serious medical needs. *Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976) (a plaintiff
22 must show a causal connection or link between the actions of the defendants and the deprivation
23 alleged to have been suffered by the plaintiff); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.
24 1978).

25  Plaintiff is advised he may wish to use his first amended complaint as a template and add
26 the necessary facts in the second amended complaint to ensure his claims sufficiently link or
27 connect an action or inaction by each of the eleven individuals to a constitutional violation. For
28 example, "[Name of one of the eleven individuals] did not do X [assist me with bathing, dressing,

1  etc.] and refused to follow the doctor's care plan following my surgery in [month/year] while I
2  was housed at the Fresno County Jail," or a similar identification. Sufficient facts are necessary
3  for each of the named defendants to ensure the defendants have fair notice of the claim and the
4  grounds upon which those claims rest. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Plaintiff's request to substitute "Kenneth Cagara" and "Michellene Alvarez" for physical therapists "Ken" and "Michaela" will also be granted. When amending his complaint, Plaintiff may simply identify these individuals as "Ken Cagara" instead of "Ken" and "Michellene Alvarez" instead of "Michaela."

### III.   CONCLUSION AND ORDER

For the foregoing reasons, the Court **ORDERS**:

1. Plaintiff's request to substitute the full names for the physical therapists previously identified as "Ken" and "Michaela" is **GRANTED;**
2. The Clerk of the Court is **DIRECTED** to add the names "Kenneth Cagara" and "Michellene Alvarez" as defendants to the docket for this action;
3. Plaintiff's request to substitute the eleven names provided for the Doe Defendants is **GRANTED**;
4. The Clerk of the Court is **DIRECTED** to add the following individuals as defendants to the docket for this action:
    a. Kanwar Gill
    b. Johana Luna
    c. Britney Buchanan
    d. Jessica Nunez
    e. Rose Zaragoza
    f. Ray Arce
    g. Maria Guerrero
    h. Cindy Ramirez
    i. Candice Thao
    j. Annabel Duran

      k.  Soua Xiong

5. Plaintiff **SHALL** file a second amended complaint, as described above, **within 30 days** of the date of service of this order; and

6. The Clerk of the Court is **DIRECTED** to serve a blank amended civil rights complaint form with this Orde.

Plaintiff is advised that upon submission of a second amended complaint that meets all of the screening and pleading requirements, the Court will address the issue of service.

IT IS SO ORDERED.

Dated:  **September 20, 2024**                    /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE