UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SAMUEL JAY MILES,

Plaintiff,

v.

FRESNO COUNTY MEDICAL WELLPATH,

Defendant.

1:22-cv-01105-SKO (PC)

**FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN DEFENDANTS AND TO ALLOW CLAIMS AGAINST REMAINING DEFENDANTS TO PROCEED**

(Doc. 22)

Clerk of the Court to Assign District Judge

Plaintiff Samuel Jay Miles is incarcerated in the Fresno County Jail and is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I. BACKGROUND**

The Court issued its First Screening Order on June 9, 2023. (Doc. 6.) Plaintiff timely filed a first amended complaint on July 25, 2023. (Doc. 9.)

The Court issued its Second Screening Order on February 14, 2024. (Doc. 10.) The Court concluded Plaintiff had plausibly alleged Eighth Amendment deliberate indifference to serious medical needs claims against "Defendants Doe 1 and Doe 2 and physical therapists 'Ken' and 'Michealla.'" (*Id*. at 4-7.) Plaintiff was advised the Court would issue a separate order permitting limited discovery that would allow for service of process of the Doe defendants and the physical therapist defendants. (*Id*. at 7.)

//

On February 15, 2024, the Court issued its Order Granting Plaintiff Ninety Days to Identify John or Jane Does 1 and 2. (Doc. 11.) Plaintiff was to "discover the names of John or Jane Does 1 and 2 through subpoena or otherwise, and to substitute their actual names by filing a 'notice of substitution.'" (*Id*. at 3.)

Following limited discovery and related proceedings (*see* Docs. 13-15, 17-19), on September 20, 2024, the Court issued its Order Granting Plaintiff's Notice of Substitution Filed July 26, 2024, and Order Directing Plaintiff to File a Second Amended Complaint Within Thirty Days. (Doc. 21.) The Court directed the Clerk of the Court to substitute the full names of the physical therapists to the docket, and to substitute the names of eleven individuals for the Doe Defendants on the docket. (*Id*. at 3-4.)

Plaintiff filed his second amended complaint on October 7, 2024. (Doc. 22.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz,* 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

**B. Linkage and Causation**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## IV. DISCUSSION

### A. Plaintiff's Second Amended Complaint

In the section titled "III. Defendants" of the form complaint, Plaintiff identifies the following individuals as defendants in this action: Britney Buchanan, Jessica Nunez, Rosie Zaragoza, Ray Arce, Maria Guerrero, Cindy Ramirez, Candice Thao, Annabel Duran, Xiong Soua, Kanwar Gill, Maisa Lao, Mary Akioyame, Kenneth Cagara, and Michellene Alvarez, all medical staff persons employed at the Fresno County Jail (FJC). (Doc. 22 at 2-5.) Plaintiff seeks an apology from medical staff for his pain and suffering and $850,000 in damages. (*Id.* at 7.)

### B. Plaintiff's Eighth Amendment Deliberate Indifference Claims

Applicable Legal Standards

A pretrial detainee's rights arise under the Fourteenth Amendment's Due Process Clause whereas a convicted prisoner's rights arise under the Eighth Amendment's Cruel and Unusual Punishments Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A deliberate indifference test applies to both a pretrial detainee's claim and a prisoner's claim, but for a pretrial detainee it is an objective test, rather than the subjective test which applies to a prisoner's claim. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). A "pretrial detainee need not prove those subjective elements about the officer's actual awareness of the level of risk." *Id*. (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)). Because Plaintiff claims involve the conditions at the Fresno County Jail as a pretrial detainee, the Court applies the objective deliberate indifference standard. Under this standard, a pretrial detainee must allege:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon*, 888 F.3d at 1125. Regarding the third element, the defendant's conduct must be objectively unreasonable, "a test that will necessarily turn[ ] on the facts and circumstances of

each particular case." *Id*. (internal citations & internal quotation marks omitted). A "mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Id*. (quotations & citations omitted). Thus, the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id*.

Denial or delay of medical care can violate the Eighth Amendment if it amounts to cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). More specifically, a violation occurs when a prison official causes injury as a result of at least his or her deliberate indifference to a prisoner's serious medical needs. *Id*. Mere delay of medical treatment or surgery, "without more, is insufficient to state a claim of deliberate medical indifference." *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). However, delays may be actionable if a plaintiff's condition predictably worsened during the delay or became more difficult to treat due to the delay. *See Perez v. Brady*, No. 2:19-cv-04309-VBF-KES, 2020 WL 2441434, at *5 (C.D. Cal. Mar. 16, 2020), report and recommendation adopted, No. 2:19-cv-04309-VBF-KES, 2020 WL 2395210 (C.D. Cal. May 12, 2020).

Summary of Factual Allegations

Plaintiff contends that during his detention at FJC between May 2022 and February 2023, numerous medical staff persons failed to provide him with approved and specifically assigned medical assistance (e.g., assistance with showering) in accordance with a physician's care plan. He further contends the physician failed to ensure that Plaintiff's care plan was adhered to despite knowledge that staff was refusing to provide the care required of that physician's care plan. Plaintiff also contends two physical therapists refused to provide hour-long physical therapy sessions in accordance with the care plan. Plaintiff alleges he has lost mobility in his arms, legs and body, because the physical therapists significantly shortened the length of the sessions.

Claim One – Physician & Nursing Staff at FJC

Liberally construing the second amended complaint, the Court finds Plaintiff plausibly alleges deliberate indifference claims against Defendants Arce, Buchanan, Duran, Guerrero, Nunez, Ramirez, Soua, Thao, and Zaragoza. He alleges these individuals knew he required medical assistance and care in accordance with a care plan approved of and in place by a jail

physician and refused to provide that care or delayed the care for weeks or months at a time, leading to his worsening condition. Further, liberally construing the second amended complaint, Plaintiff plausibly alleges a deliberate indifference claim against Defendant Gill, a physician, for failing to ensure the care plan Gill issued was carried out, leading to Plaintiff's worsening condition.

However, Plaintiff has failed to allege cognizable deliberate indifference claims against Defendants Akioyame, Lao, and Luna. Other than identifying these individuals as defendants in Section III of his amended complaint, Plaintiff has failed to offer any facts regarding their actions or inactions. Because Plaintiff has had several opportunities to amend his complaint to allege sufficient facts, including the most recent opportunity after learning the identities of medical staff persons through limited discovery, the Court finds that granting Plaintiff further leave to amend would be futile. *Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013). Therefore, the Court will recommend Defendants Akioyame, Lao, and Luna be dismissed from this action.

Claim Two – Physical Therapists at FJC

Liberally construing the second amended complaint, the Court finds Plaintiff has plausibly alleged deliberate indifference to serious medical needs claims against Defendants Alvarez and Cagara. Plaintiff asserts the care plan in place required he receive physical therapy three times a week for one hour, but that Alvarez provided only fifteen-to-twenty-five-minute sessions between July 1, 2022, and November 30, 2022. Plaintiff also contends Cagara provided only five-to-fifteen-minute sessions between May 23, 2022, and February 10, 2023. Plaintiff alleges he has lost mobility in his arms, legs and body as a result of the lack of treatment.

## V. ORDER AND RECOMMENDATION

Based on the foregoing, the Court **HEREBY ORDERS**:

1. The Clerk of the Court is **DIRECTED** to terminate "Fresno County Medical WellPath" from the docket of this action because Plaintiff's first and second amended complaints do not name this entity as a defendant; and
2. The Clerk of the Court is **DIRECTED** to randomly assign a district judge to this action.

Further, the Court **HEREBY RECOMMENDS**:

1. This action **PROCEED** only on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Alvarez, Arce, Buchanan, Cagara, Duran, Gill, Guerrero, Nunez, Ramirez, Soua, Thao, and Zaragoza; and
2. That Defendants Mary Akioyame, Maisa Lao, and Johana Luna be **DISMISSED** from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **March 21, 2025**

/s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE