UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL JAY MILES,<br><br>    Plaintiff,<br><br>  v.<br><br>FRESNO COUNTY MEDICAL WELLPATH,<br><br>    Defendant. | 1:22-cv-01105-KES-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN DEFENDANTS AND TO ALLOW CLAIMS AGAINST REMAINING DEFENDANTS TO PROCEED<br><br>(Doc. 24) |

Plaintiff Samuel Jay Miles is incarcerated in the Fresno County Jail and is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 20, 2024, the Court granted plaintiff's motion to substitute the full names of Kenneth Cagara and Michellene Alvarez and directed the Clerk of Court to add the following individuals as defendants: Kanwar Gill, Johana Luna, Britney Buchanan, Jessica Nunez, Rose Zaragoza, Ray Arce, Maria Guerrero, Cindy Ramirez, Candice Thao, Annabel Duran, and Soua Xiong. Doc. 21. The Court also directed plaintiff to file a second amended complaint to state sufficient facts linking each named defendant to an alleged constitutional violation. *Id.* at 2-3. Plaintiff filed his second amended complaint on October 7, 2024. Doc. 22.

On March 21, 2025, following screening, the assigned magistrate judge issued findings and recommendations to allow the claims against certain defendants to proceed, but to dismiss

1

1  defendants Mary Akioyame, Johana Luna, Maisa Lao, and Fresno County Wellpath.  Doc. 24.

2  Plaintiff was afforded 14 days within which to file objections. *Id*. at 7.  On April 7, 2025, Plaintiff

3  filed objections.  Doc. 25.

4  Pursuant to 28 U.S.C. § 636(b)(1), this Court conducted a de novo review of this case.  In

5  his objections, plaintiff asserts his claims should also proceed against defendants Akioyame,

6  Luna, Lao, and Fresno County Wellpath.  However, plaintiff does not provide any factual

7  allegations regarding these defendants which could give rise to a constitutional violation.

8  Plaintiff asserts defendant Akioyama knew about his medical needs, but plaintiff does not assert

9  that Akioyama failed to provide the needed medical care.  Plaintiff does not assert any factual

10 allegations against defendants Luna or Lao in the second amended complaint or in his objections.

11 A review of the docket reveals that plaintiff was advised in the First Screening Order that

12 he "must allege facts by which the Court could reasonably infer that Plaintiff's constitutional

13 rights were violated based upon a policy, decision or custom promulgated or endorsed by

14 Defendant 'Well Path.'"  Doc. 6 at 8.  Plaintiff's first amended complaint did not name Wellpath

15 as a defendant, nor did Plaintiff assert any factual allegations as to Wellpath.  *See* Doc. 9 at 2-3

16 ("III. Defendants"); Doc. 10 at 4.  Likewise, the second amended complaint does not contain any

17 factual allegations against Wellpath.  *See* Doc. 22.

18 In his objections, plaintiff asserts that Wellpath is a proper defendant because "they

19 [knew] of the seriousness" of his medical need "as a collective whole" and that his constitutional

20 rights were violated.  Doc. 25 at 2.  A plaintiff may assert *Monell* claims against a private entity

21 contracting with a municipality provided that: (1) the private entity acted under color of state law;

22 (2) a constitutional violation occurred; and (3) the violation was caused by an official policy or

23 custom.  *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir.2012).  As the magistrate

24 judge noted in the First Screening Order, plaintiff needed to allege facts about a policy, custom,

25 or decision.  Doc. 6 at 7.  As plaintiff has failed to allege any policy, custom, or decision in the

26 first amended complaint or the second amended complaint, dismissal of Wellpath is appropriate.

27 Accordingly, the Court finds the findings and recommendations to be supported by the

28 record and proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on March 21, 2025, Doc. 24, are ADOPTED in full;
2. The action PROCEEDS on plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against defendants Alvarez, Arce, Buchanan, Cagara, Duran, Gill, Guerrero, Nunez, Ramirez, Soua, Thao, and Zaragoza;
3. Defendants Mary Akioyame, Maisa Lao, Johana Luna, and Wellpath are DISMISSED; and
4. The action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   May 14, 2025

_____
UNITED STATES DISTRICT JUDGE

3