UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL JAY MILES,<br><br>            Plaintiff,<br><br>     v.<br><br>FRESNO COUNTY MEDICAL WELLPATH,<br><br>            Defendant. | 1:22-cv-01105-KES-SKO (PC)<br><br>**ORDER FOR FRESNO COUNTY SHERIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO ASSIST WITH SERVICE OF PROCESS**<br><br>(Doc. 36) |

Plaintiff Samuel Jay Miles, presently incarcerated at Valley State Prison and previously held in the Fresno County Jail, is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     BACKGROUND**

On June 4, 2025, the Court issued its Order Directing Service by the United States Marshals Service (USMS) Without Prepayment of Costs. (Doc. 29.) The USMS was directed to serve Defendants Alvarez, Arce, Buchanan, Cagara, Duran, Gill, Guerrero, Nunez, Ramirez, Thao, Xiong, and Zaragoza. (*Id.* at 2.)

On August 1, 2025, Waivers of Service of Summonses were filed on behalf of Defendants Arce, Buchanan, Duran, Guerrero, and Ramirez. (Doc. 30.) That same date, Defendants Arce, Buchanan, Duran, Guerrero and Ramirez filed an answer to the operative complaint. (Doc. 31.) On August 5, 2025, Defendant Xiong filed a Waiver of Service of Summons and an answer to the complaint. (Docs. 32 & 33.) On August 19, 2025, Defendant Thao filed a Waiver of Service of

1

Summons and an answer to the complaint. (Docs. 34 & 35.)[1]

On August 21, 2025, the USMS attempted personal service on Defendants Michellene Alvarez, Kenneth Cagara, Kanwar Gill, Jessica Nunez, and Rose Zaragoza, but the summonses were returned unexecuted as service was refused by "Braulio Mendoza, Asst Health Services Admin" at the Fresno County Jail. (Doc. 36 at 1-5.) Mendoza told the deputy marshal he was unable to accept service on behalf of Alvarez, Cagara, Gill, Nunez, and Zaragoza because he was not sure if they were still employed at the facility. Mendoza also advised the deputy that the jail had a "change in policy to not accept service on behalf of someone else" where employment status was unknown. Mendoza did not provide the deputy with an alternate resource for employment verification for Alvarez, Cagara, Gill, Nunez, or Zaragoza.

## II.   DISCUSSION

Rule 4 of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving plaintiffs proceeding *in forma pauperis*, the court routinely orders the USM to serve summonses and complaints on the defendants. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and ... should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotation marks & citation omitted), abrogated on other grounds by *Sandin v. Connor*, 515

---

[1] The answering Defendants are represented by Paul A. Cardinale with the Medical Defense Law Group and Subreen Sandhu with Cardinale Fayard/MDLG.

1  U.S. 472, 115 (1995). However, where a pro se plaintiff fails to provide the USMS with sufficient

2  information to effectuate service on a defendant, the court may dismiss the action against that

3  defendant. *Id*. at 1421-22.

4        Pursuant to its inherent powers, a court may impose sanctions where a party has willfully

5  disobeyed a court order, or where the party has "acted in bad faith, vexatiously, or for oppressive

6  reasons*." Octane Fitness, LLC v. ICON Health & Fitness, Inc*., 572 U.S. 545, 557 (2014) (citation

7  omitted). "The court's inherent authority to sanction includes not only the authority to sanction a

8  party, but also the authority to sanction the conduct of a nonparty who participates in abusive

9  litigation practices, or whose actions or omissions cause the parties to incur additional expenses." *In*

10 *Re Avon Townhomes Venture*, 433 B.R. 269, 304 (Bankr. N.D. Cal.2010) (citations omitted); *see also*

11 *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51 (1991) (affirming imposition of sanctions against

12 nonparty); *Corder v. Howard Johnson & Co*., 53 F.3d 225, 232 (9th Cir. 1994) ("[E]ven in the

13 absence of statutory authority, a court may impose attorneys' fees against a nonparty as an exercise of

14 the court's inherent authority to impose sanctions to curb abusive litigation tactics" [citation omitted]);

15 *Seco Nevada v. McMordie (In re Holloway)*, 884 F.2d 476, 477 (9th Cir. 1989) (affirming sanctions

16 against non-party court reporter). Similarly, in *Lockary v. Kayfetz*, 974 F.2d 1166 (9th Cir. 1992),

17 abrogated on other grounds by *Margolis v. Ryan*, 140 F.3d 850, 854-55 (9th Cir. 1998), the Ninth

18 Circuit noted that a court has authority to sanction a nonparty that supplies a litigant's attorneys and

19 "fund[s] the litigation in its entirety." *Id*. at 1171.

20       Here, as reflected on the USM-285 forms, the USMS attempted to serve Defendants Alvarez,

21 Cagara, Gill, Nunez, and Zaragoza but was unable to do so and has not been assisted by Fresno

22 County Jail personnel. As the USMS cannot execute its mandate to serve the complaint on behalf of

23 Plaintiff without the assistance of Fresno County personnel, the Court will order the Fresno County

24 Sheriff, John Zanoni, to show cause why sanctions should not be imposed. *See, e.g*., *Patron v. Hugh*,

25 No. 1:24-cv-00655-JLT-SAB (PC), 2024 WL 4843799, at *1-2 (E.D. Cal. Nov. 20, 2024) (Sheriff

26 Zanoni ordered to show cause why sanctions should not be imposed for Fresno County personnel's

27 failure to assist USMS in serving Defendants Mares and Herara employed at Fresno County Jail). The

28 Court will also direct that this order be served on Fresno County Counsel.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS**:

1. **Within fourteen (14) days** from the date of service of this order, Fresno County Sheriff John Zanoni **SHALL** show cause why sanctions should not be imposed for failing to assist the United States Marshal with service of process as to Defendants Michellene Alvarez, Kenneth Cagara, Kanwar Gill, Jessica Nunez, and Rose Zaragoza; and

2. The Clerk of the Court is directed to serve a copy of this order on Fresno County Counsel at 2220 Tulare St., Fresno, CA 93721.

IT IS SO ORDERED.

Dated:  **October 6, 2025**                       /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE

4