UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL JAY MILES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO COUNTY MEDICAL WELLPATH,<br><br>　　　　Defendant. | 1:22-cv-01105-KES-SKO (PC)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 37)<br><br>**ORDER DIRECTING PLAINTIFF TO RESPOND WITHIN THIRTY (30) DAYS** |

Plaintiff Samuel Jay Miles, presently incarcerated at Valley State Prison and previously held in the Fresno County Jail, is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　BACKGROUND**

On August 21, 2025, the United States Marshal attempted personal service on Defendants Alvarez, Cagara, Gill, Nunez, and Zaragoza. (Doc. 36.) The summonses were returned unexecuted, and service was refused by "Braulio Mendoza, Asst Health Services Admin" at the Fresno County Jail (FCJ). (*Id.*)

On October 6, 2025, the Court issued its Order for Fresno County Sheriff to Show Cause Why Sanctions Should Not be Imposed for Failure to Assist with Service of Process. (Doc. 37.) On October 15, 2025, a response to the OSC and a related exhibit were filed with the Court on behalf of non-party Fresno County Sheriff's Office. (Docs. 38-39.)

//

1

## II.  DISCUSSION

### *The OSC Response*

A review of the response to the OSC reveals the individual refusing to accept service of behalf of Defendants Alvarez, Cagara, Gill, Nunez, and Zaragoza — Braulio Mendoza — is not employed by the Fresno County Sheriff. Mendoza was an employee of Wellpath, the contracted medical services provider at the FCJ. (Doc. 38 at 2.) Jail or sheriff personnel were not contacted or involved in the Marshal's encounter with the Wellpath employee. (*Id.*) Thus, the Fresno County Sheriff and/or FCJ personnel did not fail to assist the United States Marshal.

The related exhibit, email correspondence by counsel for Defendants Arce, Buchanan, Duran, Guerrero, Ramirez, Thao, and Xiong to Fresno County Counsel, indicates Defendants Gill and Nunez are currently employed by Wellpath, Defendant Gill has declined representation, and Defendant Nunez could not be reached despite numerous attempts. (Doc. 39.) The email also states Defendants Cagara and Alvarez "do not appear to be employed by Wellpath," and that Defendant Zaragoza is no longer employed by Wellpath. (Id.)

In light of the foregoing, the Court will discharge the OSC issued October 6, 2025, to the Fresno County Sheriff and order a response by Plaintiff.

### *The Status of Service of Process*

Defendants Arce, Buchanan, Duran, Guerrero, Ramirez, Thao, and Xiong have answered Plaintiff's operative complaint. (*See* Docs. 31, 33, 34.) Defendants Alvarez, Cagara, Gill, Nunez, and Zaragoza have not yet been served. It also appears that service of Defendants Alvarez, Cagara, Gill, Nunez, and Zaragoza cannot be affected at this time as those individuals are either not employed or are no longer employed by Wellpath (Alvarez, Cagara and Zaragoza) or have declined representation or not responded to inquiries concerning representation (Gill and Nunez).

Before considering next actions concerning service, the Court will direct Plaintiff to respond in writing, within thirty days, indicating (1) whether he wishes to continue to litigate his claims against Defendants Alvarez, Cagara, Gill, Nunez, and Zaragoza, or (2) whether Plaintiff wishes to voluntarily dismiss his claims against these individuals in light of the foregoing.

//

Plaintiff is advised that it is his obligation to provide the United States Marshal with accurate and sufficient information to effect service of a summons and complaint. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). If Plaintiff elects to continue to litigate his claims against Defendants Alvarez, Cagara, Gill, Nunez, and Zaragoza, he may be required to provide accurate and sufficient information to allow for the Marshal to effect service on some or all these individuals. As it stands, it appears Defendants Alvarez, Cagara, Gill, Nunez, and Zaragoza cannot be served at the FCJ. Alternatively, if Plaintiff elects to voluntarily dismiss his claims against these individuals, this action will proceed to early settlement proceedings, assuming all parties appearing in the action choose to participate in such proceedings.

### III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS**:

1. The OSC issued October 6, 2025 (Doc. 37) is **DISCHARGED**;

2. Plaintiff is **DIRECTED** to advise the Court, **in writing and within thirty (30) days of the date of service of this order**, whether he intends to pursue his claims against Defendants Alvarez, Cagara, Gill, Nunez, and Zaragoza, or whether he wishes to dismiss his claims against those individuals; and

3. Should Plaintiff fail to advise the Court as directed above, he is advised the undersigned may issue findings and recommendations to dismiss Defendants Alvarez, Cagara, Gill, Nunez, and Zaragoza for a failure to serve.

IT IS SO ORDERED.

Dated:    **October 17, 2025**              /s/ *Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE