UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SAMUEL JAY MILES,

Plaintiff,

v.

FRESNO COUNTY MEDICAL WELLPATH,

Defendant.

1:22-cv-01105-KES-EGC (PC)

**ORDER GRANTING PLAINTIFF'S CONSTRUED MOTION FOR A SECOND EXTENSION OF TIME WITHIN WHICH TO OPPOSE DEFENDANTS' SUMMARY JUDGMENT MOTION AND ORDER DENYING PLAINTIFF'S REQUEST FOR RECORDS**

(Doc. 54)

Plaintiff Samuel Jay Miles, presently incarcerated at the United States Penitentiary in Victorville, California, and previously held in the Fresno County Jail, is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I. RELEVANT BACKGROUND**

On July 13, 2026, Defendants Arce, Buchanan, Duran, Guerrero, Ramirez, Thao and Xiong filed a motion for summary judgment addressing the merits of Plaintiff's claims. (Doc. 49.)

On July 23, 2026, Plaintiff filed a document titled "Asking for a order of stay for 90 day until transfer is complete." (Doc. 50.)

On July 24, 2026, the Court issued its Order Granting Plaintiff's Construed Motion for Extension of Time. (Doc. 51.) Specifically, Plaintiff was granted an extension of time to November 9, 2026, to file an opposition to Defendants' pending summary judgment motion. (*Id.* at 2.)

On August 20, 2026, Plaintiff filed a notice of change of address. (Doc. 53.)

On September 3, 2026, Plaintiff filed an untitled document, docketed as a "Request of Records." (Doc. 54.)

## II. DISCUSSION

Plaintiff states he is presently incarcerated at the federal prison in Victorville and does "not have any legal information that was ordered by the courts from the start of [his] civil right action suit" in this case. (Doc. 54.) He states he does not "have a single file to [challenge] any legal [standard] by the Defendants." (*Id.*) Further, despite the Court granting Plaintiff a previous extension concerning his opposition to Defendants' pending summary judgment motion, Plaintiff states he "will do [his] best" to meet the deadline, but without "any of [his] records" he does not believe he will be able to comply with the Court's order "in time or at all without any of the records that [he] once had." (*Id.*) Further, Plaintiff states he has no legal knowledge and does not know how "to file a motion to request these legal material again so [he] can move forward …." (*Id.*) He asks the Court "for some direction on how to proceed to get all the necessary records" so that he can respond to Defendants' pending summary judgment motion. (*Id.*) In conclusion, Plaintiff indicates he is "[a]sking for the record from WellPath-Beacon of hope and community regional [hospital] from 2-16-2022 to 3-12-2024 and any record that order by the courts in this 8 amendment and 14 amendment violation." (*Id.*)

This Court construes Plaintiff's September 3, 2026, filing to be a second request to extend the deadline for filing an opposition to Defendants' pending motion for summary judgment. A district court has broad discretion to control its docket, including ruling on requests for extensions of time. *See Williams v. Kalisher*, 718 F. App'x 561 (9th Cir. 2018) (citing *FTC v. Gill*, 265 F.3d 944, 957 (9th Cir. 2001)).

At present, Plaintiff's opposition to Defendants' summary judgment motion is due on or before November 9, 2026. It is apparent from Plaintiff's filing that he has not yet received his legal materials following his recent transfer from Valley State Prison to the United States Penitentiary in Victorville. Although time remains against the November 9, 2026, deadline within which Plaintiff may receive his legal materials, out of an abundance of caution, the Court will extend the deadline by an additional 30 days, to December 9, 2026.

Next, as concerns Plaintiff's request for medical records, Plaintiff is advised that the Court does not conduct discovery. *See Merino v. Gomez*, No. 2:21-cv-0572 TLN KJN P, 2022 WL 16575651, at *1 (E.D. Cal. Nov. 1, 2022) (court not authorized to conduct discovery on plaintiff's behalf); *Womack v. Virga*, No. 2:11-cv-1030 MCE EFB P, 2012 WL 4465372, at *3 (E.D. Cal. Sept. 25, 2012) ("The role of the court is not to conduct discovery or research for the parties"). As Plaintiff was previously advised in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued September 1, 2022, the Court itself does not conduct discovery; discovery is conducted by the parties themselves. (*See* Doc. 3 at 4-5 [V. DISCOVERY].) Thus, it was Plaintiff's obligation to participate in discovery in an effort to obtain any records or documents relevant to prosecuting this action.

Additionally, the Court notes it issued a Discovery and Scheduling Order in this action on December 11, 2025. (Doc. 47.) The deadline for completing all discovery was set for May 11, 2026. (*Id*. at 3.) Within that five-month period, Plaintiff did not seek an extension of the deadline for completing discovery and discovery in this action is now closed. Thus, to the extent Plaintiff did not seek relevant medical records from the answering Defendants, the time within which to do so has passed. Plaintiff is further advised that the Court is not in possession of any medical records in this matter, with the exception of any records included as a part of Defendants' pending summary judgment motion.

Moreover, the Court notes that in response to a subpoena served on the records unit at the Fresno County Jail on May 3, 2024 (Doc. 15) and an order requiring a status report (Doc. 17), Plaintiff advised this Court on July 19, 2024, that he had received "the record from Fresno County Medical WellPath" (Doc. 18). Presumably then, when Plaintiff receives his legal materials, he will have access to those records once again. Additionally, the Court notes that Plaintiff did not request for a subpoena regarding records from the Beacon of Hope or Fresno Community Medical Center. *See* Fed. R. Civ. P. 45.

Lastly, a lack of legal knowledge is common in prisoner civil rights litigation. *See, e.g.*, *Faultry v. Saechao*, No. 2:18-cv-1850 KJM AC P, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (denying motion to appoint counsel and noting that "[c]ircumstances common to most

prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) (same). Nor may the Court provide Plaintiff with legal advice. *See, e.g.*, *Puckett v. Baraona*, No. 1:23-cv-00054-HBK (PC), 2025 WL 81806, at *1 (E.D. Cal. Jan. 13, 2025) (denying request for court assistance and stating "the Court is not permitted to render legal advice to any litigant, including pro se litigants").

In sum, Plaintiff will be afforded an additional 30 days within which to oppose Defendants' summary judgment motion. However, the discovery period expired on May 11, 2026, and remains closed. To the extent Plaintiff did not seek relevant medical records from Defendants during the discovery period or request a subpoena for medical records from a third party (e.g., Beacon of Hope, Fresno Community Medical Center), it was his obligation to do so. Plaintiff's September 3, 2026, request for medical records is untimely and improper and will be denied.

**III. CONCLUSION AND ORDER**

Accordingly, the Court **HEREBY ORDERS** that:

1. Plaintiff's construed second motion for an extension of time (Doc. 54) is **GRANTED**;
2. Plaintiff **SHALL** file an opposition to Defendants' pending summary judgment motion **no later than December 9, 2026**; and
3. To the extent Plaintiff's filing of September 3, 2026, docketed as a "Request of Records," seeks medical records from third-party medical providers, it is **DENIED**.

**WARNING: Plaintiff is advised that a failure to comply with this Order may result in the undersigned treating Defendants' summary judgment motion as unopposed, or, alternatively, issuance of findings and recommendations to dismiss this action for a failure to comply with court orders and failure to prosecute**.

IT IS SO ORDERED.

Dated: **September 8, 2026**

Erin Sury Castillo

UNITED STATES MAGISTRATE JUDGE