UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL JAY MILES,<br>Plaintiff,<br>v.<br>FRESNO COUNTY MEDICAL WELLPATH,<br>Defendant. | 1:22-cv-01105-KES-EGC (PC)<br>**ORDER REGARDING PLAINTIFF'S MOTION FILED OCTOBER 28, 2026**<br>(Doc. 56) |

Plaintiff Samuel Jay Miles, presently incarcerated at the United States Penitentiary in Victorville, California, and previously held in the Fresno County Jail, is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I. RELEVANT BACKGROUND**

On July 13, 2026, Defendants Arce, Buchanan, Duran, Guerrero, Ramirez, Thao and Xiong filed a motion for summary judgment addressing the merits of Plaintiff's claims. (Doc. 49.)

On July 23, 2026, Plaintiff filed a document titled "Asking for a order of stay for 90 day until transfer is complete." (Doc. 50.)

On July 24, 2026, the Court issued its Order Granting Plaintiff's Construed Motion for Extension of Time. (Doc. 51.) Specifically, Plaintiff was granted an extension to November 9, 2026, to file an opposition to Defendants' pending summary judgment motion. (*Id.* at 2.)

On August 20, 2026, Plaintiff filed a notice of change of address (Doc. 53) and on September 3, 2026, he filed an untitled document, docketed as a "Request of Records." (Doc. 54.)

On September 8, 2026, the Court issued its Order Granting Plaintiff's Construed Motion for a Second Extension of Time Within Which to Oppose Defendants' Summary Judgment Motion and Order Denying Plaintiff's Request for Records. (Doc. 55.) Relevant here, the Court extended the deadline for Plaintiff's opposition to December 9, 2026. (*Id*. at 4.)

On October 28, 2026, Plaintiff filed a document titled "Motion: Extention of time, Motion: To understand the cost of defene's defimation motion." (Doc. 56.)

**II. DISCUSSION**

Plaintiff states he "will have to pay" for copies of his "first and second amended complaints" and that it takes "14 to 30" days for "inmate trust fund to release a check;" however, his institution is on lockdown and he does not know how long the lockdown will remain in place. Plaintiff asserts that situation puts him in a compromising position because he cannot "get the money taken off" his inmate trust account during the lockdown. Further, Plaintiff states he is "confused about the cost of the document labeled defimation filed … on 7-13-2026" that he received "on 7-17-2026." He states he "thought at the longest it was two motions maybe eight [pages] each" and "the 364 [pages] at [indecipherable] has [him] confused." Plaintiff asserts he "can afford to pay for the first and second amended complaints" and the "motion labeled defimation" if it is "under 20 [pages]." Finally, Plaintiff asks the Court for a 90-day extension of time from the current December 9, 2026, deadline concerning his opposition to Defendants' summary judgment motion.

The Court addresses Plaintiff's references to needed copies first. Plaintiff does not explain why he needs copies of the first and second amended complaints but the Court presumes Plaintiff intends to rely upon them in preparing his opposition to the pending summary judgment motion. Because the Court will grant a further extension of time and because Plaintiff clearly intends to use available funds in his inmate trust account to pay for the copies he seeks once the lockdown has been lifted, the Court need not address those assertions further. Plaintiff should make whatever arrangements are necessary to obtain the copies he seeks once the lockdown is lifted.

As concerns Plaintiff's inquiries concerning the cost of copying the accompanying declaration filed July 13, 2026, the Court notes that Plaintiff's filing acknowledges receipt of the documents served by Defendants; specifically, his receipt "on 7-17-2026." Further, the Court notes Plaintiff does not contend his receipt of Defendants' summary judgment motion was somehow incomplete or deficient. Nor does he explain why he would need an additional copy of the declaration. The record before the Court indicates Defendants served their dispositive motion package[1] — the Notice of Motion and Motion for Summary Judgment (*see* Doc. 49 at 3 [Certificate of Service]), Memorandum of Points and Authorities in Support of Motion for Summary Judgment (*see* Doc. 49-1 at 13 [Certificate of Service]), Declaration of Subreen K. Sandhu in Support of [Defendants'] Motion for Summary Judgment (*see* Doc. 49-2 at 358 [Certificate of Service]), and Separate Statement of Undisputed Material Facts in Support of Motion for Summary Judgment (*see* Doc. 49-3 at 6 [Certificate of Service]) — on July 13, 2026.[2] In any event, should Plaintiff wish to purchase another copy of Defendants' supporting declaration, the cost for obtaining an additional copy of the 342-page declaration and supporting exhibits is $171.00 (342 x .050 = 171).[3] [4]

As concerns Plaintiff's request for a further 90 days within which to file an opposition to Defendants' summary judgment motion, the present deadline is set for December 9, 2026.

A district court has broad discretion to control its docket, including ruling on requests for extensions of time. *See Williams v. Kalisher*, 718 F. App'x 561 (9th Cir. 2018) (citing *FTC v. Gill*, 265 F.3d 944, 957 (9th Cir. 2001)).

---

[1] All documents related to Defendants' summary judgment motion total 364 pages.

[2] *See* Local Rule 135(b): "**Conventional Service**. If persons are not registered for the CM/ECF system, e.g., prisoners or pro se parties, the Notice will identify the persons who were not electronically served. Persons who were not electronically served must be conventionally served. Counsel shall serve these persons in accordance with the appropriate Federal Rules of Procedure." *See also* Local Rule 135(e): "**Service Upon Pro Se Party**. Service of all documents authorized to be served in accordance with Fed. R. Civ. P. 5 … shall be complete when served upon a party appearing in propria persona."

[3] https://www.caed.uscourts.gov/caednew/index.cfm/attorney-info/fee-schedule/, as of 10/30/26, reflecting "Copy Fees (per page) $0.50."

[4] The cost of obtaining a copy of all summary judgment pleadings is $182.00 (364 x 0.50 = 182).

The Court presumes that Plaintiff has still not received his legal materials following his transfer from Valley State Prison to the United States Penitentiary in Victorville. Although time remains against the December 9, 2026 deadline, the Court will extend that deadline by an additional 61 days, to Monday, February 8, 2027. By doing so, the Court affords Plaintiff additional time within which to receive his legal materials *and* to respond to Defendants' summary judgment motion that includes hundreds of pages of exhibits in support of defense counsel's declaration. Plaintiff is cautioned that any further requests to extend the deadline for his opposition must be supported by extraordinary good cause as the Court has already extended the relevant deadline on two occasions. Moreover, it will not entertain a premature request to extend the February 8, 2027 deadline. Should Plaintiff require more time as the deadline nears, he may file a motion supported by extraordinary good cause (specifically indicating how much of his opposition is complete, how much remains to be completed, and the reason or reasons why additional time is necessary) no earlier than January 18, 2027, and before February 1, 2027.

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. Plaintiff's request for an extension of time (Doc. 56) is **GRANTED in part**;
2. Plaintiff **SHALL** file an opposition to Defendants' pending summary judgment motion **no later than February 8, 2027**;
3. Should a further extension of the February 8, 2027 deadline become necessary, Plaintiff **MUST**:
    a. File the request for a further extension of time **between January 18, 2027 and February 1, 2027**; and
    b. Ensure the request is supported by extraordinary good cause, including an indication or estimation concerning how much of the opposition has been completed, how much remains to be completed, and the specific reason or reasons why additional time is needed;
4. In all other respects, Plaintiff's filing of October 28, 2026, is **RESOLVED**.

**<u>WARNING</u>: Plaintiff is advised that a failure to comply with this Order may result**

**in the undersigned treating Defendants' summary judgment motion as unopposed, or, alternatively, issuance of findings and recommendations to dismiss this action for a failure to comply with court orders and failure to prosecute**.

IT IS SO ORDERED.

Dated: **October 30, 2026**

Erin Sug Castillo
UNITED STATES MAGISTRATE JUDGE